UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID BOOKER,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>JOSEPH LOMBARDO, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 2:22-cv-01968-GMN-DJA<br><br>ORDER DISMISSING AND CLOSING CASE |

Plaintiff David Booker brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while housed at Clark County Detention Center. ECF No. 1-1. On January 10, 2023, this Court ordered Booker to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before March 13, 2023. ECF No. 6. That deadline expired and Booker did not apply to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond. And the Court's mail to Booker has been returned as undeliverable. ECF No. 7.

**I.　DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Booker's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Booker either files a fully complete application to proceed *in forma pauperis* or pays the $402 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources.

The circumstances here do not indicate that this case will be an exception: without an updated address, the chance that a second order would even reach Booker is low. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II.   CONCLUSION

It is therefore ordered that this action is **DISMISSED without prejudice** based on Plaintiff David Booker's failure to file a fully complete application to proceed *in forma pauperis* or pay the

full $402 filing fee in compliance with this Court's January 10, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Booker wishes to pursue his claims, he must file a complaint in a new case.

DATED: March 16, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE